**Nicholas J. Henderson, Esq.** (OSB# 074027)
E-Mail: nick@elevatelawpdx.com
Elevate Law Group
6000 Meadows Road, Suite 450
Lake Oswego, OR 97035
Telephone:  503-417-0508
Fax:  503-417-0528
Counsel for Defendant Trans Union, LLC

**Kyle R. Lindskog, Esq.** (Admitted Pro Hac Vice)
Quilling, Selander, Lownds, Winslett & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN  46290
Telephone:  317-497-5600, Ext. 619
Fax:  317-899-9348
E-Mail:  kyle.lindskog@qslwm.com
Counsel for Defendant Trans Union LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON (EUGENE (6))

| | |
|---|---|
| **DONGGYU YI,**<br>　　　　**Plaintiff,**<br><br>　　vs.<br><br>**CAPITAL ONE BANK, N.A.; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; and TRANS UNION, LLC;**<br>　　　　**Defendants.** | **CASE NO.  6:26-cv-00756-MTK**<br><br><br>**TRANS UNION LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEFENSES** |

Trans Union LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows.  For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

# INTRODUCTION

1.      The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

**ANSWER**:     Trans Union states that the cited provision of the FCRA speaks for itself.  To the extent Plaintiff misquotes or mischaracterizes the requirements set forth therein, Trans Union denies the allegations as stated.

2.      Plaintiff DONGGYU YI, through Plaintiff's attorneys, brings this action to challenge the actions of CAPITAL ONE BANK, N.A. ("CAPITAL ONE"); EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN"); EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX"); TRANS UNION, LLC ("TRANS UNION") (collectively, "Defendants") with regard to the failures of Defendants to properly comply with their legal obligations surrounding Plaintiff's credit reports, conduct which caused Plaintiff damages.

**ANSWER**:     Trans Union denies that it violated the FCRA (or any other law). Trans Union denies that Plaintiff is entitled to any damages, costs, fees, or other relief from or against Trans Union.

3.      Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain directly to Plaintiff, which Plaintiff alleges based on personal knowledge.

**ANSWER**:     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

4.      While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

**ANSWER**:     Trans Union denies that it violated the FCRA (or any other law).

5.      All the conduct engaged in by Defendants took place in Benton County, State of Oregon.

**ANSWER**:     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

6.      Unless otherwise stated, Plaintiff alleges any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such specific violation.

**ANSWER**:     Trans Union denies that it violated the FCRA (or any other law).

7.      Unless otherwise indicated, the use of any Defendant's name, or reference to Defendants collectively, in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the Defendant(s) named.

**ANSWER**:    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## JURISDICTION AND VENUE

8.    This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.,* and the Oregon Unfair Debt Collection Practices Act ("UDCPA"), O.R.S. § 646.639, *et seq.*

**ANSWER**:    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

9.    This Court has federal question subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331, as Plaintiff allege violations of a federal statute, the FCRA.

**ANSWER**:    Trans Union admits the allegations contained in this paragraph.

10.    This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367, since said claims arise from the same case or controversy as Plaintiff's federal claims.

**ANSWER**:    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

11.    The Court has personal jurisdiction over Defendants because Defendants conduct significant business in this District, and the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

**ANSWER**:    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

12    Personal jurisdiction and venue are proper in the District of Oregon pursuant to 28 U.S.C. § 1391 for the following reasons: (1) the conduct complained of herein arose within this District; and (2) Defendants conduct significant business in this District.

**ANSWER**:    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

13.    Venue is proper in the United States District Court for the District of Oregon pursuant to 18 U.S.C. § 1391 because:

a.    Defendants are authorized to conduct business in this district and have intentionally availed themselves of the laws and markets within this District;

b.    Defendants do substantial business within this District;

c.    Defendants are subject to personal jurisdiction in this judicial district because Defendants have availed themselves of the laws and markets within this District; and,

d.    the harm to Plaintiff occurred within this District.

**ANSWER**:    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## PARTIES

14.    Plaintiff DONGGYU YI is a natural person who resides in Benton County, State of Oregon.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

15.    Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER**:    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

16.    Defendant CAPITAL ONE is a national bank formed under the laws of the United States with principal place of business in Mclean, Virginia. Defendant CAPITAL ONE is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

17.    Defendant CAPITAL ONE is a furnisher of information, as contemplated by 15 U.S.C. §§ 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences.

**ANSWER**:    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

18.     Defendant CAPITAL ONE is a person that, by direct or indirect action, conduct, or practice collects or attempts to collect a debt owed, or alleged to be owed, to a creditor or debt buyer and is, hence, a "debt collector" pursuant to O.R.S. § 646.639(1)(h).

**ANSWER**:     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

19.     Defendant EXPERIAN is a stock corporation formed under the laws of the state of Ohio with principal place of business in Costa Mesa, California. Defendant EXPERIAN is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER**:     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

20.     Defendant EXPERIAN is a person regularly engaged in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties and is therefore a "consumer reporting agency" as that term is defined in 15 U.S.C. § 1681a(f).

**ANSWER**:     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

21.     Defendant EQUIFAX is a limited liability company formed under the laws of the state of Georgia with principal place of business in Atlanta, Georgia. Defendant EQUIFAX is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER**:     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

22.     Defendant EQUIFAX is a person regularly engaged in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties and is therefore a "consumer reporting agency" as that term is defined in 15 U.S.C. § 1681a(f).

**ANSWER**:     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

23.     Defendant TRANS UNION is a limited liability company formed under the laws of the state of Delaware with principal place of business in Chicago, Illinois. Defendant TRANS UNION is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER**:     Trans Union admits the allegations contained in this paragraph.

24.     Defendant TRANS UNION is a person regularly engaged in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties and is therefore a "consumer reporting agency" as that term is defined in 15 U.S.C. § 1681a(f).

**ANSWER**:     Trans Union admits the allegations contained in this paragraph.

## FACTUAL ALLEGATIONS

25.    Plaintiff is a South Korean national currently residing in Corvallis, Oregon, United States.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

26.    Plaintiff is a professor who earned his PhD in Economics from Iowa State University in or about 2014.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

27.    After graduating with his PhD, Plaintiff moved back to Seoul, South Korea.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

28.    Plaintiff resided in Seoul, South Korea from 2014 to 2025.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

29.    In or about August 2025, Plaintiff relocated to the State of Oregon after accepting a position as a visiting scholar at Oregon State University.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

30.    Upon relocating to the United States, in or about September 2025, Plaintiff tried to reactivate his previous bank account and discovered an inaccuracy on his consumer credit report(s).

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

31.    Plaintiff noticed that Defendant CAPITAL ONE was reporting an alleged debt which Plaintiff did not recognize.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

32.    Specifically, on information and belief, Defendant CAPITAL ONE furnished information to consumer reporting agencies that Plaintiff owed CAPITAL ONE a credit card debt, as follows:

   a.    Account No. 5178058791716411

   b.    Date Opened: 06/25/2024

   c.    Balance: $9,580.00

   d.    Amount Past Due: $9,580.00

   e.    Status: Charge-Off

**ANSWER**:    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

33.    Plaintiff did not open a credit card with CAPITAL ONE in June 2024.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

34.    Plaintiff has no knowledge of the alleged debt and believes it is the product of identity theft.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

35.    On or about September 29, 2025, Plaintiff visited the Corvallis Police Department to report the identity theft.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

36.    Contemporaneously, Plaintiff completed an Identity Theft Report, which was signed by Officer Eric Martin with the Corvallis PD.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

37.    Contemporaneously, Plaintiff completed an FTC Identity Theft Affidavit.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

38.    On or about September 30, 2025, Plaintiff reported the suspected identity theft to Defendant CAPITAL ONE by phone.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

39.    Defendant CAPITAL ONE committed to investigate the fraudulent account and informed Plaintiff that its investigation team would reach out to him with an update.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

40.    On information and belief, Defendant CAPITAL ONE's "investigation team" did not reach out to Plaintiff within the following two weeks.

Page 11 **TRANS UNION LLC'S ANSWER TO PLAINTIFF'S
COMPLAINT AND DEFENSES**

**ANSWER**:     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

41.     On information and belief, Defendant CAPITAL ONE did not solicit or collect any additional documents or information from Plaintiff in service of its investigation.

**ANSWER**:     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

42.     On or about October 17, 2025, Plaintiff called Defendant CAPITAL ONE seeking an update on the investigation. Defendant CAPITAL ONE told Plaintiff that the internal review had concluded there was "no fraud" associated with the account.

**ANSWER**:     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

43.     Plaintiff requested that CAPITAL ONE reopen its investigation.

**ANSWER**:     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

44.     Defendant CAPITAL ONE told Plaintiff that its investigation team would contact Plaintiff pursuant to Plaintiff's requested re-investigation.

**ANSWER**:     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

45.     Subsequently, Plaintiff heard nothing further from CAPITAL ONE.

**ANSWER**:     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

46.    On or about November 14, 2025, Plaintiff called Defendant CAPITAL ONE requesting an update on the reinvestigation.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

47.    During that phone call, Defendant CAPITAL ONE informed Plaintiff that there was no active investigation in Plaintiff's name. Plaintiff requested the appropriate mailing address from Defendant CAPITAL ONE and refiled his fraud report.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

48.    On or about November 17, 2025, Plaintiff sent a written dispute letter by mail to Defendant CAPITAL ONE.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

49.    Alongside his November 17 dispute letter, Plaintiff enclosed, among various additional documents:

      a.    September 29, 2025 FTC Identity Theft Affidavit;

      b.    Documents confirming Plaintiff's residence in South Korea;

      c.    Payment histories for the credit cards Plaintiff used while residing South Korea.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

50.    In his November 17 dispute, Plaintiff averred that he "did not enter the United States at any time between 2019 and July 2025" and that, during the period wherein the account was

allegedly created, "[Plaintiff] lived and worked continuously in South Korea, where [Plaintiff] was employed and engaged in normal economic, academic, and administrative activities."

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

51.    On information and belief, Defendant CAPITAL ONE did not contact Plaintiff pursuant to its investigation into his November 17 dispute.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

52.    On or about November 28, 2025, Defendant CAPITAL ONE sent written correspondence to Plaintiff which read, "We've finished our investigation of your fraud claim. Our research found no signs of fraud. As a result, we haven't made any adjustments to your account."

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

53.    On or about December 8, 2025, Plaintiff wrote Defendant CAPITAL ONE by mail requesting clarification as to the basis of CAPITAL ONE's decision to wrongly attribute the fraudulent account to Plaintiff.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

54.    On or about December 16, 2025, Defendant CAPITAL ONE replied to Plaintiff by mail and, again, wrongly affirmed that the alleged debt was valid.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

55.    Subsequently, Plaintiff filed a complaint with the Consumer Financial Protection Bureau ("CFPB") pursuant to Defendant CAPITAL ONE's above-described actions, inactions, and omissions.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

56.    On or about January 21, 2026, Defendant CAPITAL ONE replied to Plaintiffs CFPB complaint.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

57.    In its CFPB response letter, Defendant CAPITAL ONE gave its reasons for verifying the fraudulent account.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

58.    Defendant CAPITAL ONE indicated that the address associated with the account, 10074 Flokton Ave., Las Vegas, NV 89148, and the phone number associated with the account, (725) 259-6747, "ha[d] been linked to [Plaintiff] by public records."

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

59.    Plaintiff has never resided in Las Vegas let alone maintained an address there.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

60.    Plaintiffs phone number has never been (725) 259-6747.

Page 15 **TRANS UNION LLC'S ANSWER TO PLAINTIFF'S
COMPLAINT AND DEFENSES**

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

61.    Defendant CAPITAL ONE further represented in its January 21 letter that it had a recorded call from Plaintiff on October 22, 2024 and alleged Plaintiff "stated it was [his] account," while on that call.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

62.    Plaintiff did not contact Defendant CAPITAL ONE by phone on October 22, 2024 and did not claim ownership over the fraudulent account.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

63.    On or about February 26, 2026, Plaintiff sent dispute letters by certified mail to Defendants EXPERIAN, EQUIFAX, and TRANS UNION.

**ANSWER**:    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

64.    Plaintiff enclosed his FTC Identity Theft Affidavit with his February 26 disputes to all three above-referenced consumer reporting agencies.

**ANSWER**:    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

65.    Defendant EXPERIAN received Plaintiff's dispute on or about March 1, 2026.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

66.    Defendant EQUIFAX received Plaintiff's dispute on or about March 2, 2026.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

67.    Defendant TRANS UNION received Plaintiff's dispute on or about March 4, 2026.

**ANSWER**:    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

68.    On information and belief, one or all of the above-referenced consumer reporting agencies notified Defendant CAPITAL ONE of Plaintiff's dispute pursuant to the consumer reporting agencies' obligations under 15 U.S.C. § 1681i(a)(2)(A).

**ANSWER**:    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

69.    Despite previously deleting the item, on or about March 19, 2026, Defendant EQUIFAX replied to Plaintiff's dispute that Defendant CAPITAL ONE "requested to have the account information reinserted on your Equifax credit file and submitted a certification that the account belongs to you." Hence, Defendant EQUIFAX verified the fraudulent account as accurate and reinserted it to Plaintiff's consumer report.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

70.    Despite previously deleting the item, on or about March 20, 2026, Defendant TRANS UNION replied to Plaintiff's dispute verifying the fraudulent account as accurate and reinserting it to Plaintiff's consumer report.

**ANSWER**:    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

71.    On or about March 24, 2026, Defendant EXPERIAN replied to Plaintiff's dispute verifying the fraudulent account as accurate and refusing to remove it from Plaintiff's consumer report.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

72.    On information and belief, Defendant CAPITAL ONE furnished information to the above-referenced consumer reporting agencies purporting to verify the fraudulent account as belonging to Plaintiff.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

73.     Upon information and belief, Defendant CAPITAL ONE did not conduct a reasonable investigation in response to Plaintiff's September 30, October 17, or November 17, 2025 disputes.

**ANSWER**:    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

74.     Upon information and belief, Defendants did not conduct a reasonable investigation in response to Plaintiff's February 26, 2026 dispute.

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

75.     By inaccurately furnishing account information relating to the fraudulent account after notice of the identity theft, Defendant CAPITAL ONE failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681s-2(b)(1)(D) and (E).

**ANSWER**:    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

76.     Within two years prior to filing this Complaint, Defendants EXPERIAN, EQUIFAX, and TRANS UNION prepared and distributed one or more consumer reports, as that term is defined by 15 U.S.C. § 1681(d), pertaining to Plaintiff that contained misleading or inaccurate information related to the fraudulent CAPITAL ONE account.

**ANSWER**:     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

77.     Defendants failed to maintain reasonable procedures to prevent Plaintiff's credit information and/or credit files from including inaccurate information related to the fraudulent CAPITAL ONE account.

**ANSWER**:     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

78.     By furnishing inaccurate information on Plaintiff's credit report after repeated notice of the inaccuracy, Defendant CAPITAL ONE violated O.R.S. § 646.639(2).

**ANSWER**:     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

79.     Specifically, Defendant CAPITAL ONE knowingly collected an amount not expressly authorized by agreement or permitted by law, in violation of O.R.S. § 646.639(2)(s).

**ANSWER**:     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**DAMAGES**

80.    Plaintiff has suffered actual damages as a result of these actions, omissions, and inactions by Defendants.

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

81.    As a result of the damage Defendants have caused to Plaintiff's creditworthiness, Plaintiff has refrained from applying for credit while in the United States. Plaintiff has relied exclusively on credit cards previously obtained while he was in South Korea. Hence, Plaintiff has been constructively denied benefits he would otherwise have accessed, such as rewards programs, financial incentives, and the ability to build a strong credit profile in the United States.

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

82.    Since Defendants did not maintain adequate procedures to respond to Plaintiff's initial dispute of the fraudulent reporting, Plaintiff has expended unnecessary time and labor attempting to resolve this matter.

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

83.     Furthermore, Plaintiff is presently on a working sabbatical in the United States, where he is engaged in academic research and writing. Plaintiff has lost valuable time and research productivity as a consequence of Defendants failures.

**ANSWER**:     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

84.     Plaintiffs discovery of the inaccurate reporting resulted in shock and anxiety. The fact that Defendants were reporting a debt Plaintiff had no awareness of on Plaintiffs credit created an immediate sense of loss of control over Plaintiffs finances and his financial identity.

**ANSWER**:     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

85.     Defendants exacerbated Plaintiffs distress by requiring Plaintiff repeatedly resubmit his disputes of the information.

**ANSWER**:     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

86.     Defendant CAPITAL ONE, in particular, exacerbated Plaintiffs emotional distress through its correspondence to Plaintiff indicating that Plaintiff had participated in creating the fraudulent account, statements which were false and derogatory.

**ANSWER**:    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

87.    Additionally, Defendant EXPERIAN sent Plaintiff communications on a weekly basis promoting loan offers for Plaintiff to "[play off [his] $28,413 card debt." Such unwelcome communications reinforced Plaintiff's perception that he was being held responsible for a debt he did not owe and further exacerbated his anxiety and frustration.

**ANSWER**:    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

88.    Furthermore, Defendant TRANS UNION, in removing and then re-inserting the account, created a sense of false progress which further exacerbated the prolonged psychological burden of the dispute process.

**ANSWER**:    Trans Union denies the allegations contained in this paragraph.

89.    Plaintiff, as a university professor, places a high value on his credibility and professional integrity and was frustrated, humiliated, and anxious when Defendants continued to double down on attributing the fraudulent account to Plaintiff, in addition to the damage to his personal and professional reputation in its own right.

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

90.    The sustained burden of this situation has resulted in Plaintiff experiencing feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, and embarrassment, among other negative emotions.

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT,**
**15 U.S.C. § 1681, *et seq.***
**(Against All Defendants)**

91.    Plaintiff repeats, re-alleges, and incorporates by reference, all above paragraphs of this Complaint as though fully stated herein.

**ANSWER**:    Trans Union reasserts its answers and responses set forth herein.

92.    The foregoing acts and omissions constitute numerous and multiple willful, reckless, or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681.

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

93.    As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 168 ln(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3).

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

94.    As a result of each and every instance of negligent noncompliance with the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2).

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE UNFAIR DEBT COLLECTION PRACTICES ACT,
### O.R.S. § 646.639, *et seq.*
### (Against Defendant CAPITAL ONE)

95.    Plaintiff repeats, re-alleges, and incorporates by reference, all above paragraphs of this Complaint as though fully stated herein.

**ANSWER**:    Trans Union reasserts its answers and responses set forth herein.

96.    The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the UDCPA, including but not limited to each and every one of the above-cited provisions of the UDCPA, O.R.S. § 646.639, *et seq.*

**ANSWER:**    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

97.     As a result of each and every violation of the UDCPA, Plaintiff is entitled to (i) the greater of Plaintiff's actual damages or $200 pursuant to O.R.S. § 646.641(1); and (ii) reasonable attorney's fees and costs pursuant to O.R.S. § 646.641(2) from Defendants.

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1) against each defendant;

- An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1) against each defendant;

- An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2) against each defendant;

- Costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA;

- The greater of Plaintiff's actual damages or $200 pursuant to O.R.S. § 646.641(1) against each defendant;

- An award of costs of litigation and reasonable attorney's fees, pursuant to O.R.S. § 646.641(2);

- Any and all other relief the Court deems just and proper.

**ANSWER**:    Trans Union denies that Plaintiff is entitled to any damages, costs, fees, or other relief from or against Trans Union.

## DEMAND FOR TRIAL BY JURY

98.    Plaintiff is entitled to, and demands, a trial by jury on all issues so triable.

**ANSWER**:    Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

## DENIAL OF ANY REMAINING ALLEGATIONS

Except as expressly admitted herein, Trans Union denies any remaining allegations contained in the Complaint.

## DEFENSES

1.    Trans Union's reports concerning Plaintiff were true or substantially true.

2.    Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

3.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

4.    Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel and waiver.

Page 27 **TRANS UNION LLC'S ANSWER TO PLAINTIFF'S
COMPLAINT AND DEFENSES**

5.    Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

6.    Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

7.    Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

8.    Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

WHEREFORE, Defendant Trans Union LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Respectfully submitted,

QUILLING, SELANDER, LOWNDS,
 WINSLETT & MOSER, P.C.


*/s/ Kyle R. Lindskog*
**Kyle R. Lindskog, Esq.**
 (admitted *Pro Hac Vice*)
Telephone:  317-497-5600, Ext. 619
**Counsel for Defendant Trans Union LLC**


**Nicholas J. Henderson, Esq.**
(OSB# 74027)
Telephone:  503-417-0508
**Counsel for Defendant Trans Union LLC**

Page 28 **TRANS UNION LLC'S ANSWER TO PLAINTIFF'S
COMPLAINT AND DEFENSES**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **1st day of June, 2026**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| David McGlothlin, Esq. david@kazlg.com | Thomas N. Abbott, Esq. Thomas.abbott@troutman.com |
|---|---|
| Andrew R. Escobar, Esq. aescobar@seyfarth.com | Mark J. Green, Esq. mark@kazlg.com |
| Ryan L. McBride, Esq. ryan@kazlg.com | |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **1st day of June, 2026**, properly addressed as follows:

| None. | |
|---|---|

/s/ Kyle R. Lindskog
**Kyle R. Lindskog, Esq.**
 (admitted *Pro Hac Vice*)
Telephone:  317-497-5600, Ext. 619
**Counsel for Defendant Trans Union LLC**