**Jesús Miguel Palomares**, OSB No. 114874
jesus.palomares@millernash.com
**G. Paul Wallace**, OSB No. 224240
paul.wallace@millernash.com
MILLER NASH LLP
605 5th Ave S, Suite 900
Seattle, WA 98104
Phone: 206.777.7532 | Fax: 206.340.9599

*Attorneys for Defendant Capital One Bank, N.A.*

IN THE UNITED STATES DISTRICT COURT

OF THE STATE OF OREGON

DIVISION OF EUGENE

| | |
|---|---|
| DONGGYU YI, | Case No. 6:26-cv-00756-MTK |
| Plaintiff, | |
| v. | UNOPPOSED MOTION FOR EXTENSION OF THE DEADLINE TO RESPOND TO COMPLAINT |
| CAPITAL ONE BANK, N.A.; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION, LLC, | |
| Defendants. | |

**LOCAL RULE 7-1(a) CERTIFICATION**

Counsel for defendant Capital One Bank, N.A. ("Capital One"), conferred with counsel for Plaintiff regarding this motion for an extension of time and obtained Plaintiff's consent to file this motion as unopposed.

/ / /

/ / /

Page 1 -    UNOPPOSED MOTION FOR EXTENSION OF DEADLINE TO RESPOND TO
            COMPLAINT
4897-3031-5186.1

**MOTION**

In accordance with Federal Rule of Civil Procedure 6(b), and without waiver of any defense, Capital One moves for an order extending its deadline for responding to Plaintiff's complaint to June 10, 2026. Good cause exists for granting this extension because Capital One's counsel was retained after the current May 11, 2026, deadline and moved promptly for an extension after Capital One conferred with Plaintiff's counsel.

In support of this motion, the undersigned counsel for Capital One declares the following based on a review of the initial files available as of the time of this motion.

According to Plaintiff's affidavit of service, Plaintiff served Capital One on April 20, 2026, making Capital One's deadline for responding to the complaint May 11, 2026. ECF 15. Beginning on or about May 12, 2026, counsel for the parties (Plaintiff, other defendants, and an in-house Capital One attorney), exchanged emails for scheduling the Rule 16 conference, during which time Capital One questioned whether it was properly served. The parties' subsequent emails confirmed that all parties were served, and Capital One's national counsel joined the scheduling discussion on May 27, advising all parties that Capital One planned to retain local counsel.

Capital One's national counsel conferred with Plaintiff's counsel and obtained Plaintiff's consent to extend Capital One's answer deadline to June 10, which is the same extension deadline requested by defendant Experian Information Solutions, Inc. (ECF 5, 12). On June 1, 2026, the undersigned counsel was retained as Capital One's local counsel.

When a party seeks an extension after the applicable deadline has expired, the Court may grant relief upon a showing of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). The determination of excusable neglect is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocaites Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993). Courts weigh four factors to evaluate excusable neglect: (1) the danger of prejudice to the non-moving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was

Page 2 -     UNOPPOSED MOTION FOR EXTENSION OF DEADLINE TO RESPOND TO
            COMPLAINT

4897-3031-5186.1

within the movant's reasonable control; and (4) whether the movant acted in good faith. *Id.*; *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010). Rule 6(b) is to be "liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian*, 624 F.3d at 1261 (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983) (*superseded on other grounds*)).

All four *Pioneer* factors support granting an extension. First, Plaintiff has consented to the requested June 10 extension and faces no prejudice. Second, the delay is short and there is no impact on the proceedings. Three weeks have elapsed since the original deadline, and Capital One's counsel has participated in scheduling the Rule 16 conference with the parties.

Third, the reason for delay was legitimate, as Capital One's internal counsel was still determining whether it was served as of May 12. Once service was confirmed, Capital One's national counsel continued participating with case scheduling and promptly retained local counsel this week. Fourth, Capital One acted in good faith throughout, by participating in case scheduling, conferring with Plaintiff to secure an answer extension, and retaining local counsel who promptly moved for an extension to answer the complaint. This is Capital One's first request for an extension, and undersigned counsel certifies that this motion is made in good faith and not for purposes of delay or harassment. The extended deadline will allow Capital One to investigate Plaintiff's allegations and prepare a response.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 3, 2026

/s/Jesús Miguel Palomares
Jesús Miguel Palomares, OSB No. 114874

[*Remainder of page intentionally left blank*]

Page 3 -     UNOPPOSED MOTION FOR EXTENSION OF DEADLINE TO RESPOND TO
             COMPLAINT

## CONCLUSION

For these reasons, Capital One respectfully requests that this Court enter an order extending Capital One's answer deadline to June 10, 2026.

Dated: June 3, 2026                    MILLER NASH LLP


                                       */s/ Jesús Miguel Palomares*
                                       Jesús Miguel Palomares, OSB No. 114874
                                       jesus.palomares@millernash.com
                                       G. Paul Wallace, OSB No. 224240
                                       Paul.wallace@millernash.com
                                       Phone: 206.777.7532 | Fax: 206.340.9599

                                       Attorneys for Defendant
                                       Capital One Bank, N.A.

Page 4 -    UNOPPOSED MOTION FOR EXTENSION OF DEADLINE TO RESPOND TO
            COMPLAINT

4897-3031-5186.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of June, 2026, a copy of the foregoing document was filed with the Clerk's Office using CM/ECF which triggered service on all counsel of record via a Notice of Electronic Filing. Additionally, the foregoing was served upon the parties in the above cause as follows:

David McGlothlin, OSB No. 165634
Mark J. Green, *Pro Hac Vice*
Ryan Lee McBride, *Pro Hac Vice*
KAZEROUNI LAW GROUP, APC
3240 E. Union Hills Drive Suite 105
Phoenix, AZ 85050
Email:david@kazlg.com
      mark@kazlg.com
      ryan@kazlg.com

☒  via ECF
☒  via E-mail
☒  via First Class Mail
☐  via Hand Delivery

*Attorneys for Plaintiff Donggyu Yi*

Thomas N. Abbott, OSB No. 193043
TROUTMAN PEPPER LOCKE LLP
100 SW Main Street Suite 1000
Portland, OR 97204
Email: thomas.abbott@troutman.com

☒  via ECF
☒  via E-mail
☒  via First Class Mail
☐  via Hand Delivery

*Attorneys for Defendant Experian Information Solutions, Inc*

Andrew R. Escobar, OSB No. 106671
SEYFARTH SHAW LLP
999 Third Avenue Suite 4700
Seattle, WA 98104
Email: aescobar@seyfarth.com

☒  via ECF
☒  via E-mail
☒  via First Class Mail
☐  via Hand Delivery

*Attorneys for Defendant Equifax Information Services, LLC*

Nicholas J. Henderson, OSB No. 074027
ELEVATE LAW GROUP
6000 SW Meadows Road Ste 450
Lake Oswego, OR 97035
Email:nick@elevatelawpdx.com

☒  via ECF
☒  via E-mail
☒  via First Class Mail
☐  via Hand Delivery

and

Page 1 – CERTIFICATE OF SERVICE
4897-3031-5186.1

Kyle Robert Lindskog, Pro Hac Vice
QUILLING SELANDER LOWNDS
WINSLETT & MOSER PC
10333 N. Meridian Street Ste 200
Indianapolis, IN 46290
Email: kyle.lindskog@qslwm.com

*Attorneys for Defendant Trans Union, LLC*

Under the laws of the state of Washington and Oregon, the undersigned hereby declares, under the penalty of perjury, that the foregoing statements are true and correct to the best of my knowledge.

EXECUTED at Vancouver, Washington, this 3rd day of June, 2026.

*/s/Edgar Rosales*

Edgar Rosales, Paralegal
