David J. McGlothlin, Esq. (SBN 165634)
david@kazlg.com
**KAZEROUNI LAW GROUP, APC**
3240 E. Union Hills Drive, Suite 105
Phoenix, AZ 85050
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Ryan L. McBride (admitted *pro hac vice*)
ryan@kazlg.com
**KAZEROUNI LAW GROUP, APC**
2221 Camino del Rio South Suite 101
San Diego, CA 92108
Telephone: (805) 335-8455
Facsimile: (800) 520-5523

Mark J. Green (admitted *pro hac vice*)
mark@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (805) 335-8455
Facsimile: (800) 520-5523

*Attorneys for Plaintiff*,
Donggyu Yi

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**EUGENE DIVISION**

| | |
|---|---|
| **DONGGYU YI**, <br><br> Plaintiff, <br><br> vs. <br><br> **CAPITAL ONE BANK, N.A.; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION, LLC.**; <br><br><br> Defendants. | Case No.: 6:26-cv-00756-MTK <br><br> **JOINT CASE MANAGEMENT STATEMENT PURSUANT TO F.R.C.P.26(F)** <br><br> Date Filed: April 16, 2026 <br> Assigned: Hon. Mustafa T. Kasubhai |

Plaintiff DONGGYU YI ("Plaintiff") and Defendants CAPITAL ONE, N.A., erroneously sued as "Capital One Bank, N.A.," ("Capital One"); EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"); and TRANS UNION, LLC ("Trans Union") (collectively, "Defendants") (jointly as the "Parties") hereby submit this joint case management statement in accordance with Rule 26(f) of the Federal Rules of Civil Procedure and the Court's Standing Order.

Plaintiff has reached a settlement in principle with Defendant EQUIFAX INFORMATION SERVICES, LLC and anticipates filing a Joint Motion to Dismiss Plaintiff's claims as to Equifax only within sixty (60) days.

## 1.  JURISDICTION AND VENUE

**Plaintiff's Position**:

Plaintiff alleges that jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 because the complaint asserts violations of a federal statute, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*. This Court has jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367 since Plaintiff's federal and state law claims arise from the same case or controversy.

Venue is proper in the United States District Court for the District of Oregon pursuant to 18 U.S.C. § 1391 because: (a) Defendants are authorized to conduct business in this district and have intentionally availed themselves of the laws and markets within this District; (b) Defendants do substantial business within this District; (c) Defendants are subject to personal jurisdiction in this judicial district because Defendants have availed themselves of the laws and markets within this District; and (d) the harm to Plaintiff occurred within this District.

**Capital One's Position**: Capital One does not dispute venue, subject matter jurisdiction or personal jurisdiction at this time, but reserves the right to do so later if required.

**Experian's Position**: Experian does not dispute venue and jurisdiction at this time but reserves the right to do so.

**Trans Union's Position**: Trans Union does not dispute venue and jurisdiction but reserves its right to do so.

## 2. FACTS

**Plaintiff's Position:**

Plaintiff is a victim of identity theft. An unknown and unauthorized individual used Plaintiff's information to apply for a Capital One card in Plaintiff's name. Although the card was opened in 2024, Plaintiff was a resident of South Korea from 2014 to 2025, and did not apply for credit cards in the United States during this period.

Plaintiff discovered that Capital One was reporting this alleged debt on his credit report after accepting a visiting scholar position at Oregon State University which began in August 2025. Plaintiff promptly disputed the reporting with Trans Union, Equifax, and Experian and provided an FTC Identity Theft Affidavit and South Korean residency documentation. Despite disputing to Defendants in writing in November 2025 and February 2026, Defendants have failed to correct the derogatory and inaccurate credit reporting.

**Capital One's Position**:

Plaintiff alleges that Capital One violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, ("FCRA") and the Oregon Unfair Debt Collection Practices Act, O.R.S. § 646.639, *et seq.*, ("UDCPA") by failing to conduct a reasonable investigation into Plaintiff's claims that a Capital One account in his name was

opened fraudulently by a third party and continuing to furnish data on the account to the credit reporting agencies to which it reports and attempt to collect the debt. On or about June 25, 2024, Capital One received a credit card application in the name of Plaintiff, with a date of birth, social security number and contact information, including a mailing address, email address and telephone number that all appeared to correspond to Plaintiff. Capital One approved the application and opened a credit card account in the name of Donggyu Yi, with an account number ending in -6411 (the "Account"). In June 2025, the Account charged-off with a balance due and owing, and Capital One furnished data to the CRAs indicating the same. Capital One denies that it violated the FCRA or the UDCPA, and further denies that Plaintiff sustained any damages as a result of conduct by or inaction of Capital One. Further, Capital One denies that Plaintiff is entitled to any relief against Capital One. Additionally, Capital One contends that it maintained and followed reasonable procedures and reasonably investigated Plaintiff's dispute, and that if any error occurred, it was the result of a bona fide error for which Capital One is not liable.

**Experian's Position**:

Experian denies Plaintiff's claims. Experian is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing credit information originated by others. Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms.

The FCRA is not a strict liability statute and does not require Experian to maintain error free credit reporting. Rather, Experian must maintain and follow reasonable procedures to assure the maximum possible accuracy of the information

it reports on consumers. In recognizing that no credit reporting system can be error free, Congress specifically provided consumers with the ability to contact credit reporting agencies to dispute information appearing on their credit disclosures. In many instances, Experian's procedures to ensure the maximum possible accuracy of the information it reports requires notice from a consumer to alert Experian of a potential inaccuracy. At all times relevant to this case, Experian maintained and followed reasonable procedures to assure maximum possible accuracy with respect to the information contained in Plaintiff's consumer reports and conducted a reasonable reinvestigation into any of Plaintiff's disputes when required to do so. At all times, Experian acted in good faith and without malice or intent to injure Plaintiff and did not act negligently. Accordingly, Experian has no liability in this case under the FCRA and denies all liability to Plaintiff for any alleged damages.

**Trans Union's Position**:

Defendant Trans Union asserts that it is a consumer reporting agency, as that term is defined by the FCRA and states that at all times relevant, Trans Union maintained reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and Trans Union complied with the requirements of the FCRA with respect to Plaintiff. Trans Union furthermore properly initiated and conducted any required reinvestigation(s) pursuant to the FCRA. As such, any damages Plaintiff may have sustained were not caused by Trans Union.

### 3. LEGAL ISSUES

**Plaintiff's Position:**

Whether Defendants violated the FCRA by publishing inaccurate information on Plaintiff's credit report, failing to conduct a reasonable investigation into said inaccuracies upon Plaintiff's dispute thereof, and failing to remove said inaccuracies from Plaintiff's report; whether Defendant Capital One

violated the Oregon UDCPA by attempting to collect an amount not owed and furnishing inaccurate information on Plaintiff's credit report to that end; as well as the extent of Plaintiff's damages.

**Capital One's Position**:

The legal issues, as they pertain to Capital One, include: (1) whether Capital One attempted to collect a debt from Plaintiff that Plaintiff did not owe; (2) whether Capital One received sufficient notice of Plaintiff's dispute of the debt at issue; (3) whether Capital One conducted a reasonable investigation in response to Plaintiff's dispute; (4) whether the alleged conduct was willful or negligent; (5) whether Plaintiff is entitled to any statutory damages; (6) whether Plaintiff suffered any actual damages; (7) whether Plaintiff is entitled to any damages; and (8) whether Capital One's affirmative defenses bar any or all of Plaintiff's claims.

**Experian's Position**:

Experian believes that the key legal issues in this case are (1) whether Experian employed reasonable procedures to assure the maximum possible accuracy of the information on Plaintiff's credit reports; (2) whether Plaintiff disputed the accuracy of an item of information on Plaintiff's credit file and whether Experian complied with the FCRA based on any information submitted by Plaintiff; and (3) whether Plaintiff's damages, if any, can be attributed to Experian.

**Trans Union's Position**:

Trans Union believes the principal legal and/or factual issues in dispute are whether Plaintiff disputed any allegedly factually inaccurate information on his Trans Union credit file; whether Trans Union reported any factually inaccurate information about Plaintiff to any third party after Plaintiff's dispute; whether Trans Union used reasonable reporting and reinvestigation procedures under the FCRA; whether Plaintiff suffered any credit or other damages substantially based on the allegedly inaccurate reporting; whether there is any causal relationship

between Plaintiff's alleged damages and any consumer report(s) issued by Trans Union or any action or inaction of Trans Union; whether Plaintiff is otherwise creditworthy based on his financial and consumer history; whether Plaintiff mitigated his alleged damages.

## 4. MOTIONS

**Plaintiff's Position:** Plaintiff does not anticipate any early motions but reserves the right to file such motions if the need for one becomes apparent. Plaintiff intends to move for summary judgment following the completion of sufficient discovery.

**Capital One's Position**: Capital One anticipates filing a motion for summary judgment or partial summary judgment or motions *in limine* depending on information obtained in discovery.

**Experian's Position**: No motions are currently pending. Experian does not anticipate

filing a motion to add additional parties, amend its pleadings, dismiss for lack of jurisdiction, or to transfer venue, but reserves the right to do so. Experian anticipates filing a motion for summary judgment, in whole or in part, in this matter. Experian reserves the right to file other motions as necessary in accordance with the Court's scheduling order.

**Trans Union's Position**: Trans Union anticipates it will file a motion for summary judgment or other dispositive motion on the issue of Trans Union's liability and/or Plaintiff's damages. Trans Union reserves the right to file all appropriate motions, including motions in limine.

## 5. AMENDMENT OF PLEADINGS

**Plaintiff's Position:** Plaintiff currently does not intend to amend the pleadings but reserves his right to do so ahead of the Court's deadline.

**Capital One's Position**: At this time, Capital One does not anticipate amending any pleadings in this matter, but reserves the right to do so at a later date should an amendment be required.

**Experian's Position**: Experian does not anticipate amending its pleadings, but reserves the right to do so.

**Trans Union's Position**: Trans Union does not anticipate adding parties or filing amended pleadings, but reserves its right to do so.

## 6. DISCOVERY

**Plaintiff's Position:**

Discovery is needed regarding: Plaintiff's credit file, each Defendants' receipt of Plaintiff's disputes, each Defendants' policies and procedures with regard to credit reporting, Defendant Capital One's policies and procedures with regard debt collection, each Defendants' investigation(s) into Plaintiff's disputes, each Defendants' responses to Plaintiff's disputes, and evidence of publication of Plaintiff's credit reports to third parties, including actions taken and not take by those third parties who received Plaintiff's credit reports.

**Capital One's Position**:

Capital One anticipates conducting written discovery and depositions regarding whether Capital One faces liability on Plaintiff's claims under the FCRA and UDCPA. Specifically, Capital One will focus its discovery on Plaintiff's fraud claim, Capital One's investigation of Plaintiff's fraud claim, consumer reports pertaining to the Plaintiff, Plaintiff's dispute to the credit reporting agencies to which Capital One furnishes data, the opening and use of the Capital One Account, communications between the Parties related to the Capital One Account, communications between Plaintiff and any third parties related to the Capital One Account, and Plaintiff's alleged damages and efforts to mitigate those alleged

damages.   Capital One anticipates taking Plaintiff's deposition, along with any witnesses identified by Plaintiff through discovery. Capital One does not believe that discovery should be conducted in phases and that no limitations are necessary, other than those already imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court. Capital One does not anticipate any issues regarding the production of electronically stored information (ESI) and proposes that all documents be produced in hard copy .pdf format as an initial matter.  Capital One anticipates the production of confidential, trade secret and/or commercially sensitive information during the pendency of this Action and will work with the Parties to submit a proposed stipulated protective order for consideration and entry by the Court.

**Experian's Position**:

Experian anticipates seeking discovery regarding, but not limited to, Plaintiff's communications with Experian and/or the furnisher regarding the disputed account; written agreements and payment history for the disputed account; any credit reports obtained by Plaintiff; Plaintiff's alleged damages; and Experian's alleged liability for such damages. Experian anticipates propounding interrogatories, requests for production of documents, and requests for admission to Plaintiff. Following completion of written discovery, Experian anticipates taking the depositions of Plaintiff and any relevant third-party witness. Experian proposes that each party be limited to serving 25 Requests for Admission and 25 Requests for Production of Documents on any other party.

**Trans Union's Position**:

Trans Union anticipates conducting discovery on the following topics: (a) the facts and circumstances surrounding the allegations of Plaintiff's Complaint; (b) Plaintiff's alleged damages; (c) whether there is any causal relationship between Plaintiff's alleged damages and any consumer report(s) issued by Trans

Union or any action or inaction of Trans Union; (d) Plaintiff's financial and consumer history; (e) any communications between Plaintiff and Trans Union; (f) any communications between Plaintiff and any other party; (g) Plaintiff's failure to mitigate his alleged damages; (h) any communications between Plaintiff and any third parties regarding the matters alleged in Plaintiff's Complaint; and (i) any discovery necessitated by pleadings and other discovery.

## 7.   RELATED CASES

The Parties are unaware of any cases related to the instant matter.

## 8.   RELIEF

**Plaintiff's Position:**

For Defendants' violations of the FCRA, Plaintiff seeks from each Defendant: actual damages to be determined by the finder of fact pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages of $1000 pursuant to 15 U.S.C. § 1681n(a)(1); such punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); as well as costs of litigation and attorneys' fees to be determined by way of fee petition pursuant to 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. 1681o(a)(1).

For Defendant Capital One's violations of the Oregon UDCPA, Plaintiff seeks from Capital One: the greater of Plaintiff's actual damages as determined by the factfinder or $200 pursuant to O.R.S. § 646.641(1); as well as costs of litigation and attorneys' fees to be determined by way of fee petition.

**Capital One's Position**: Capital One denies that it is liable to Plaintiff for any damages, including any attorneys' fees and costs or other relief requested.  Capital One does not seek damages at this time, but reserves its right to seek reasonable attorneys' fees and costs and other damages to the extent appropriate and permissible by law.

**Experian's Position**: At this time, Experian does not seek any damages in this case and denies that Plaintiff is entitled to any damages against Experian under any legal theory. However, Experian reserves the right to seek damages at a later time, including after documents and/or information is produced in discovery.

**Trans Union's Position**: Trans Union denies that Plaintiff is entitled to any damages, costs, fees, or other relief from or against it. Trans Union does not seek damages at this time but reserves it right to do so.

### 9. SETTLEMENT AND ADR

**Plaintiff's Position:** Plaintiff is open to a private mediation after the exchange of some discovery.

**Capital One's Position**: Capital One has received an initial settlement demand from Plaintiff, and anticipates responding shortly to explore the potential of an early resolution informally. If Capital One and Plaintiff are unable to reach a resolution informally, Capital One is amenable to a settlement conference with a magistrate judge after written discovery has been exchanged. Capital One proposes a deadline to conduct a settlement conference with the magistrate judge of November 1, 2026.

**Experian's Position**: The parties have discussed settlement and will continue to do so.

Experian's ADR preference is the Court's Mediation Panel.

**Trans Union's Position**: Trans Union has received an initial demand from Plaintiff. Trans Union and Plaintiff are engaged in settlement negotiations. Trans Union is amenable to a settlement conference with a magistrate judge after written discovery has been exchanged, but prior to any depositions.

///

///

## 10. SCHEDULING

**Plaintiff's Position:**

Pursuant to the Court's standing order, Plaintiff believes the following adjustments to scheduling and discovery are warranted because (i) Plaintiff disputed the reporting multiple times, (ii) each Defendant conducted its own investigation into each of Plaintiff's disputes, (iii) the substance of each such investigation is relevant to Plaintiff's claims, (iv) each Defendant's investigative procedures are relevant to Plaintiff's claims, and therefore (v) Plaintiff intends to depose, at minimum, each Defendant's 30(b)(6) witness, conduct substantial written discovery to each Defendant, and potentially direct third-party subpoenas to entities which received inaccurate information from Defendants.

Plaintiff believes that his discovery needs are significant and that a modified schedule is, hence, warranted.

- **Deadline to Exchange Initial Disclosures**: June 24, 2026.
- **Last day to amend pleadings or join new parties:** July 31, 2026
- **Joint ADR Report Deadline**: November 13, 2026
- **Fact Discovery Cutoff:** February 26, 2027. Plaintiff has accepted Defendant Trans Union's proposed date.
- **Initial Expert Disclosures:** November 13, 2026
- **Rebuttal Expert Disclosures:** December 18, 2026
- **Expert Discovery Cutoff:** February 26, 2027
- **Last day to file dispositive motions:** April 9, 2027. Plaintiff has accepted Defendant Trans Union's proposed date.
- **Deadline to File Proposed Pre-Trial Order**: 7 days prior to the Final Pretrial Conference
- **Final Pretrial Conference:** 30 days after the Court rules on the last pending dispositive motion(s).

26(f) Report

- **Trial Date:** 30 days after the final pre-trial conference.

**Capital One's Position**: Capital One agrees to the proposed dates above.

**Experian's Position**: Experian agrees with Plaintiff's proposed deadlines.

**Trans Union's Position**: Trans Union proposes February 26, 2027 for Fact Discovery Cutoff and April 9, 2027 for the Last day to file dispositive motions.

## 11. TRIAL

**Plaintiff's Position:** Plaintiff demands a jury trial. Plaintiff estimates the trial will take **5-7 days**.

**Capital One's Position**: Capital One acknowledges that Plaintiff has demanded a jury trial.  Capital One anticipates a 3-4 day trial.

**Experian's Position**: Experian estimates that the trial in this case will take 2-3 days and expects to call 2-3 witnesses.

**Trans Union's Position**: Trans Union acknowledges that Plaintiff has demanded a jury trial. Trans Union anticipates a 2-3 day trial.

## 12. ELECTRONICALLY STORED INFORMATION (ESI)

The Parties do not anticipate disputes over ESI procedures but agree to meet & confer in good faith to resolve such disputes, should they arise.

Dated: July 6, 2026

**KAZEROUNI LAW GROUP**

By:  */s/ Ryan L. McBride*
Ryan L. McBride, Esq.
*Attorneys for Plaintiff*

**MILLER NASH LLP**

Dated: July 6, 2026

By: /s/ *Jesús Palomares*

Jesús Palomares, OSB No. 114874

G. Paul Wallace, OSB No. 224240
*Attorneys for Defendant*
*Capital One, N.A, erroneously sued as*
*Capital One Bank, N.A.*


**TROUTMAN PEPPER LOCKE**

Dated: July 6, 2026

By: /s/ *Thomas N. Abbott*
Thomas N. Abbott, Esq.
*Attorneys for Defendant*
*Experian Information Solutions, Inc.*


**QUILLING SELANDER LOWNDS WINSLETT & MOSER PC**

Dated: July 6, 2026

By: /s/ *Kyle Robert Lindskog*
Kyle Robert Lindskog, Esq.
*Attorneys for Defendant*
*Trans Union, LLC*

## <u>SIGNATURE CERTIFICATION</u>

The undersigned filer hereby attests that the other signatories listed, and on whose behalf the filing is submitted, concur in this filing's content and have authorized this filing.

Dated: July 6, 2026

**KAZEROUNI LAW GROUP, APC**

By: */s/ Ryan L. McBride*
        Ryan L. McBride, Esq.
        Mark J. Green, Esq.
        *Attorneys for Plaintiff*

26(f) Report

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is KAZEROUNI LAW GROUP, APC, 2221 Camino Del Rio S, Suite 101, San Diego, CA 92108. On July 6, 2026, I served the within document(s):

**JOINT CASE MANAGEMENT STATEMENT PURSUANT TO F.R.C.P.26(F)**

☒      CM/ECF - by transmitting electronically the document(s) listed above to the electronic case filing system on this date before 11:59 p.m.  The Court's CM/ECF system sends an e-mail notification of the filing to the parties and counsel of record who are registered with the Court's CM/ECF system.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on July 6, 2026 at Costa Mesa, California.

_/s/Ryan L. McBride_
RYAN L. MCBRIDE, Esq.